**Robert Todd WOODS, Plaintiff,**

v.

**STATE OF TENNESSEE et al., Defendants.**

Civ. A. No: C–74–65.

United States District Court, W. D. Tennessee, W. D.

June 19, 1974.

William M. Gotten, Lane, Wages, Gotten & Lane, Memphis, Tenn., for plaintiff.

Richard S. McNeese and William J. Hayes, Jr., Asst. Attys. Gen., Nashville, Tenn., for State of Tenn., Governor and Attorney General.

John F. Watson, Memphis, Tenn., for Joe Schaeffer Motors.

Britton Lamb, Asst. County Atty., Memphis, Tenn., for Claiborne Hall.

James A. Crislip, Crislip & Blount, Memphis, Tenn., amicus curiae brief in behalf of West Tenn. Used Auto Dealers Assn., Inc.

Before LIVELY, Circuit Judge, BROWN, Chief District Judge and McRAE, District Judge.

PER CURIAM.

Plaintiff, Robert T. Woods, filed this action against the Governor of Tennessee and others after his automobile had been repossessed by defendant Joe Schaeffer

---

Motors, Inc. pursuant to a conditional sales contract. Plaintiff contends that a Tennessee statute (T.C.A. § 23–2346), under which the automobile was repossessed, is unconstitutional on its face in that it contravenes the due process clause of the 14th Amendment, and he seeks a declaration to that effect and seeks an injunction against the enforcement of the statute. Plaintiff demanded a three-judge court pursuant to 28 U.S. C.A. §§ 2281 and 2284. Such a court was convened and argument has been had.

Plaintiff relied primarily on Fuentes v. Shevin, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and at the hearing the arguments were mainly directed to the question whether the involved Tennessee statute, which was enacted in response to that decision, passed muster under the decision. This statute allows repossession under prescribed circumstances before a defendant has had notice and an opportunity to be heard. After argument of this case, however, the Supreme Court decided Mitchell v. W. T. Grant Company, 416 U.S. 600, 94 S.Ct. 1895, 40 L.Ed.2d 406 (1974), which dealt with the same question as had *Fuentes*, and accordingly the court allowed counsel to file additional briefs in the light of *Mitchell*. Counsel for plaintiff then conceded, in effect, that the decision in *Mitchell* does require a holding that the involved Tennessee statute is constitutional on its face. We agree.

As indicated, in response to *Fuentes*, Tennessee adopted new statutes providing for an "Action to recover personal property." Acts of 1973, Ch. 365, § 1 et seq.; T.C.A. § 23–2341 et seq. However, only § 23–2346, providing for an expedited action for recovery of such property, and particularly subsection A(2) thereof, is involved here. This procedure may be outlined as follows. The action is initiated by the filing in court of an application for a writ of possession and a verified complaint (or a complaint accompanied by affidavit). The following facts must be sworn to: that the plaintiff is entitled to possession of the described property and the reason he is so entitled, a description of the property, and the value of the property. If plaintiff's claim to possession is based upon a writing, a copy thereof must be exhibited. The court to which the application is made will thereupon hear the plaintiff[1] and order a writ of possession if the court finds that the property was obtained by illegal means or that the defendant is concealing the property, or likely to remove it from the jurisdiction, or likely to dispose of it, or endangering it, or seriously impairing plaintiff's security interest.[2] The writ is conditioned on plaintiff's giving bond in an amount at least equal to the value of the property. The courts are authorized to impose exemplary damages and attorney's fees for plaintiff's wrongfully bringing such an action. The writ of possession directs the officer to seize the property and deliver it to plaintiff and to summon the defendant to appear and answer.

In *Mitchell, supra,* the Supreme Court had before it and upheld a Louisiana statute which allowed judicial sequestration of property in behalf of a party claiming a lien and default before the party in possession has received notice and an opportunity to be heard. In the majority opinion, it is stated that due process ". . . guarantees 'no particular form of procedure; it protects

---

1. The statute (§ 23–2346, subd. A) provides that, upon the making of an application for a writ of possession, the court shall "hear the parties . . ." However, since the special procedure herein being considered does not contemplate notice to defendant of the making of the application (§ 23–2346, subd. A(2)), we construe the statute to mean that under this procedure only the plaintiff would be heard at this stage.

2. In the instant case, plaintiff in the action for repossession relied on the allegation that defendant (plaintiff here) was concealing the property and impairing plaintiff's security interest by failing to maintain hazard insurance on it.

substantial rights.' Labor Board v. Mackay, 304 U.S. 333, 351, 58 S.Ct. 904, 913, 82 L.Ed. 1381 (1938)." 42 L.W. at 4674 [94 S.Ct. at 1901]. The majority opinion pointed out that under the Louisiana procedure, as in the Tennessee procedure involved here, the party seeking possession of the property is asserting an existing legal interest in the property. It also pointed out that there, as is true here, such pre-hearing repossession can be obtained only under circumstances indicating that the lien holder is in danger of losing his security. There, as here, the plaintiff must swear to facts that support his claim. There, as here, the party seeking repossession must give adequate bond to protect the defendant. And there, as here, prehearing repossession can only be awarded by a judge. Moreover, the involved Tennessee procedure provides additional protection to the defendant in that it contemplates that the lien holder will be present for questioning at the time the judge considers the application for a writ of possession and provides for exemplary damages and attorneys fees to the defendant for a wrongful suing out of a writ of possession. While it is true that the Tennessee statute does not provide that the defendant can regain possession by putting up a bond, as can be done under the Louisiana procedure, and while under the Tennessee procedure a defendant cannot obtain an immediate hearing on application to dissolve the writ, as may be true under the Louisiana procedure, we do not consider these differences to be sufficiently substantial to take the Tennessee procedure out from under the approval of *Mitchell* and place it under the proscription of *Fuentes*.

It is therefore the conclusion of this Court that the involved Tennessee statute is not unconstitutional on its face and that therefore the application, on this ground, for declaratory and injunctive relief must be denied.