**JOHN DEERE COMPANY, Plaintiff,**

v.

**Robert F. MAJOR, Defendant.**

**JOHN DEERE COMPANY, Plaintiff,**

v.

**Eric SPROUSE, Defendant.**

**No. 85–1316–CV–W–6.**

United States District Court,
W.D. Missouri, W.D.

Oct. 28, 1985.

Daniel M. Dibble, Timothy K. McNamara, Lathrop, Koontz, Righter, Clagett & Norquist, Kansas City, Mo., for plaintiff.

H. Kent Desselle, Desselle, White, Allinder & Grate, Independence, Mo., for defendant.

## ORDER DENYING IMMEDIATE POSSESSION

SACHS, District Judge.

In these replevin actions, in which there is diversity jurisdiction, a farm implement manufacturer seeks immediate possession of equipment in which there is a good showing that the buyers are in default of obligations under purchase agreements. Pursuant to a Missouri statute, prejudgment possession is authorized, when, among other things, a party apparently entitled to possession files an affidavit "showing" that it will be in "danger of losing" its property unless removed from the defendant's possession. Section 533.-010, RSMo; Mo.R.Civ.Proc. 99.03.

The affidavits in these cases are in the statutory language. At a scheduled hearing, of which defendants were given notice, various arguments and supporting testimony were tendered to show that there was danger that the equipment would be "lost" unless summarily removed from defendants' possession. Among other things it was asserted that (1) the equipment is probably being used in the harvest, with some physical wear and tear likely; (2) debtors in default sometimes attempt to dispose of secured property; and (3) the value of use of the equipment is being lost on a daily basis. I cannot conclude that these facts establish that the property is in jeopardy pending litigation so as to justify the drastic remedy of prejudgment seizure.

The language in question is of ancient vintage, apparently dating back to early in the Nineteenth Century. No Missouri cases are cited which shed light on the legislative meaning. It may be that some loose practices have developed, generally in uncontested cases in which the creditor is represented by aggressive counsel, which would favor expansive reading of the controlling words. This is hardly a matter for judicial notice, however, and I cannot assume that the Missouri appellate courts or the General Assembly have endorsed by acquiescence any wholesale seizure of debtors' property before judgment, on a mere showing of past-due indebtedness and property rights in the plaintiff. If that is desired, it can perhaps be established in the state courts or by deleting some of the express requirements for immediate possession.[1]

Danger of loss of security probably has the general meaning discussed in a federal case from Tennessee. *Woods v. State of Tennessee*, 378 F.Supp. 1364, 1365 (W.D. Tenn.1974). *Compare Bryan v. Vaughn*, 579 S.W.2d 177, 180 (Mo.App.1979) (discussing danger of losing rent, so that a landlord could attach a tenant's personal property). In the present cases there is no particularized showing that any property is about to be concealed, removed or otherwise lost. I cannot accept the theory that the daily loss of use is sufficient to authorize an immediate transfer of possession. That would always be true when a plaintiff has a superior right to possession, and the requirement for an affidavit on that point would be superfluous.

With respect to the asserted physical deterioration, there is nothing credibly presented to indicate that the equipment is being used in a manner other than it was designed to withstand, or that use for the additional weeks or several months before final judgment will be materially damaging in a physical sense. To say the equipment is in "danger of loss" because of normal

---

**1.** I also assume that summary judgment techniques will be available in both federal and state courts, so that final judgments in favor of defendants — serving creditors can be rather promptly obtained.

use would be such a departure from acceptable standards of communication that I cannot conscientiously accept that terminology.

The motions for immediate possession are therefore DENIED.